JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sharmin Akter and Asif Khan

**(b)** County of Residence of First Listed Plaintiff: **Queens**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eli Gabay, 1628 JFK Boulevard, Ste. 2200, Philadelphia, PA 19103, 215-665-1100

## DEFENDANTS
Jon Infield, Drasc, Inc., Gordon Milk Transport, Inc., John Does 1-10, John Doe Corps. 1-10

County of Residence of First Listed Defendant: **Tuscarawas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC s1332
Brief description of cause:
Motor Vehicle Accident (Diversity, Negligence)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** >75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

**DATE**: January 13, 2022
**SIGNATURE OF ATTORNEY OF RECORD**: *Eli (signature)*

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __177-42 106th Road, Jamaica, NY 11433__

Address of Defendant: __631 Mill St. SW, Sugarcreek, OH 44881__

Place of Accident, Incident or Transaction: __Interstate 80, Mile Marker 24__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] **is** / [ ] **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/13/22__   _/s/ Eli [signature]_   __39983__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [✓] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _____   _____
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Akter et vir.<br>v.<br>Infield et al. | : : : : : : | CIVIL ACTION<br><br>NO. 2022- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (xx)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 1/13/2022 | *Eli B* (signature) | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-1088 | 215-665-8471 | egabay18@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sharmin Akter<br>177-42 106th Road<br>Jamaica, NY 11433<br>And<br>Asif Khan<br>177-42 106th Road<br>Jamaica, NY 11433<br><br>v.<br><br>Jon Infield<br>631 Mill St. SW<br>Sugarcreek, OH 44881<br>And<br>DRASC, INC<br>4029 Winklepeck Rd NW<br>Sugarcreek, OH 44681<br>AND<br>Gordon Milk Transport, Inc.<br>9050 Bollman Rd SW<br>Sugarcreek, OH 44581<br>AND<br>JOHN DOES 1-10<br>AND<br>JOHN DOE CORPORATIONS 1-10 | : Case No. 1:22-cv-<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COMPLAINT

A.   Introduction

This is a personal injury action brought by Plaintiff, Sharmin Akter, for injuries received in a motor vehicle collision with a truck driven by Defendant Jon Infield and/or John Does 1-10 and owned by Defendant, Drasc, Inc. and/or Gordon Milk Transport, Inc. and/or John Doe

Corporations 1-10. Her husband, Asif Khan, brings an ancillary consortium claim based on the same accident.

B.   Jurisdiction/Venue/Jury

Venue is proper in Pennsylvania under 28 U.S.C. §1391. Jurisdiction is founded in diversity between Plaintiffs, a citizens of New York, and Defendants, citizens of Ohio, and is thus proper under 28 U.S.C. §1332. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. A jury trial is demanded.

C.   Factual allegations

1.   Plaintiff, Sharmin Akter, is presently a citizen of New York residing at the above-referenced address.

2.   Plaintiff, Asif Khan, is presently a citizen of New York residing at the above-referenced address, who at all times pertinent hereto is the lawful husband of Plaintiff Sharmin Akter.

3.   Defendant, Jon Infield, is a citizen of Ohio residing at the above-referenced address.

4.   Defendant, Drasc, Inc. is a corporation or similar entity with a corporate headquarters in Ohio at the above-referenced address.

5.   Gordon Milk Transport is a corporation or similar entity with a corporate headquarters in Ohio at the above-referenced address.

6.   The John Doe and John Doe Corporate Defendants are brought pursuant to FRCP 15 and Pennsylvania Rule of Civil Procedure 2005, relating to Defendants who cannot be identified despite investigation at time of suit.

7.   On or about January 15, 2020, Plaintiff Akter was the driver of a motor vehicle travelling eastbound on Interstate 80 near Mile Marker 24. At that same time and place, Defendant Infield and/or John Doe 1-10, driving a truck with a trailer owned by Drasc, Inc.

and/or Gordon Milk Transport, Inc. and/or John Doe Corporation 1-10, attempted to pass Plaintiff Akter at a speed too fast for conditions, striking Plaintiff's vehicle, causing it to collide with the median and causing Plaintiff Akter the serious personal injuries and property damages set forth below, as well as causing the consortium damages of Plaintiff Khan.

## Count One
## Negligence

8. Plaintiffs restate the preceding paragraphs, 1-7, as if they were here set forth in full.

9. The aforesaid accident was due to the carelessness and negligence of the Defendants, such carelessness and negligence consisting, but not limited to, the following:

a) operating said motor vehicle at an excessive rate of speed;

b) failing to have said motor vehicle under proper and adequate control for conditions;

c) operating and/or maintaining and/or servicing the said vehicle without due regards of the rights, safety and position of the Plaintiff(s) at the point aforesaid;

d) failing to give proper and sufficient warning of the vehicle's approach;

e) negligence per se in violation of 75 Pa.C.S. §3361 *et seq.* (failure to drive at safe speeds)

f) negligence per se in violation of 75 Pa.C.S. §3304 *et seq.* (overtaking vehicle on the right)

g) negligence per se in violation of 75 Pa.C.S. §3309 *et seq.* (driving on road with passing lanes)

h) negligence per se in violation of 75 Pa.C.S. §3714 *et seq.* (careless driving)

i) failing to keep a proper lookout;

j) failing to use due care and control in the operation of said motor vehicles;

10. As Plaintiff Akhter did not have Pennsylvania license plates, she is not subject to limited tort under 75 Pa.C.S. §1705.

D. Damages

11. By reason of the aforesaid accident, Plaintiff, Sharmin Akter, suffered severe personal and bodily injuries to her neck, back, both shoulders and both knees, including but not limited to sprain and strain of cervical spine with radiculopathy at C5-C6, sprain and strain of lumbar spine with radiculopathy at L5-S1, SLAP tear of left shoulder, SLAP tear of right shoulder, torn lateral meniscus of right knee, effusion and lateral patellar shift of left knee and other injuries, both known and unknown, some of which may constitute aggravations of prior injuries, and all of which have caused her great pain and suffering and agony, and will continue to cause such pain, suffering and agony into the future, as well as a loss of earnings and earning capacity.

12. As a further result of the aforesaid accident and injuries, the plaintiff has suffered permanent injury and disability, as well as embarrassment, humiliation and loss of life's pleasures.

13. As a result of the aforesaid injuries, Plaintiff, Sharmin Akter, was obliged to incur various reasonable and necessary medical and other expenses in treating herself for the aforesaid injuries and may continue to incur same in the future, to his great detriment and loss.

14. As a result of the aforesaid accident, the Plaintiff was caused to incur substantial wage loss and/or loss of earning capacityto her great financial detriment and harm. Plaintiff was obliged to spend funds for the repair of her car.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, and request damages be awarded in an amount in excess of $75,000, together with court costs and interest.

## Count Two

## Consortium

15. Plaintiffs incorporate their averments, 1-13, as if set forth here in full.

16.     At all times pertinent hereto, plaintiff Asif Khan, suffered loss of society, companionship, consortium, and other pleasures of the husband and wife relationship.

17.     As a further result of the aforesaid accident, plaintiff may be obliged to incur medical expenditures in treating his wife and may be obliged to incur same into the future, to his great financial detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, and request damages be awarded in an amount in excess of $75,000, together with court costs and interest.

                        Respectfully Submitted,

                        ___/s_____
                        ELI GABAY, ESQUIRE
                        PA ID#39983
                        Solomon, Sherman & Gabay
                        8 Penn Center, Suite 2200
                        1628 JFK Boulevard
                        Philadelphia, PA 19103
                        (215) 568-1088
                        (215) 665-8471 FAX
                        LIONEL ARTOM-GINZBURG, ESQUIRE
                        PA ID# 88644
                        834 Chestnut Street, Suite M206
                        Philadelphia, PA 19107
                        (215) 925-2915

January 13, 2022